JOHNSON, Judge.
In this case, the respective counsel for all parties agreed, and concurred in by the trial court, that the only issue was the location of the half section line dividing the north and south halves of Section 23, Township 3 North, Range 20 West, in Walton County, Florida.
The plaintiffs submitted testimony in support of the allegations of their complaint. One witness testified that he had “pulled the chain” for a surveyor on four different times when there was established the “half section line” in question. This witness testified that when he pulled the chain for the surveyor “the original stobs were there, and our survey hit the original stobs.” The objection to this statement was withdrawn, therefore, this testimony was before the jury and the court. Other testimony adduced by the plaintiffs was to the effect that they had known where the section lines were for a long time.
The trial court had ruled that the location of a survey line can only be done by a registered land surveyor. We do not fully agree with this ruling. If a person knows from his experience, either by his work in helping the survey crew, or from the lines shown him by other competent surveyors, and known and agreed to for years, then this evidence would be admissible, and particularly when this evidence is to show the error of another surveyor, who in fact premises his survey on a section corner marker without establishing the correctness thereof by running lines and measurements to some point identifiable from the government field notes. The weight of this latter evidence will be for the jury to determine.
The jury had accepted the evidence of the plaintiffs’ witnesses as being more *427 reliable than that of the defendant’s one witness, and found a verdict for the plaintiffs as to the location of the half section line. The jury was then discharged. Upon motion by defendant for a verdict in favor of defendant notwithstanding the verdict of the jury, the trial court granted a judgment in favor of the defendant. We think this was error.
There is error in not letting the plaintiffs’ witness testify as to facts within his knowledge. There is error in the trial court’s ruling on the question that only a registered land surveyor can testify as to location of a section line. While we think the jury probably was correct in its verdict, we do not know just what would have been the results had the witness who was the “chain puller”, been able to complete his testimony on direct as well as on cross-examination.
Therefore, we do hereby reverse and remand this case for a new trial, not in conflict with the ruling in this opinion.
SPECTOR, Acting C. J., and BOYER, J., concur.