MILLS, Judge.
This is an appeal by the Hagoods and the Rawls from a final judgment entered in favor of Willis following a nonjury trial in an ejectment suit brought by Willis against the Hagoods and the Rawls. Although the Hagoods and the Rawls raise four issues, it is necessary that we consider only one because it is determinative of this appeal. The issue is whether the trial court erred in allowing into evidence, over the objections of the Hagoods and the Rawls, the testimony of Perry C. McGriff, a registered land surveyor, and a survey received as Plaintiff’s Exhibit 1.
McGriff was the only witness who testified in support of the survey on which Willis’ case was based. He did not run the lines of the survey and was on the ground only one time during the running of the lines. The lines were run by a McGriff employee and by another registered land surveyor employed by McGriff to do the job for him. Neither the employee nor the surveyor was called to testify. Although McGriff had the field notes of the employee and the surveyor, he did not bring them to the trial with him.
A survey supported only by the testimony of a witness who did not run the lines of the survey, was not present when they were run and did not have available the field notes of the surveyor who did run the lines, is inadmissible because it is hearsay evidence. Williams v. Johntry, 214 So.2d 62 (Fla. 1st DCA 1968). To permit such evidence would be to deny the right of cross examination of the witness who ran the lines. Evidence by a witness who knows from his experience, either by working with the survey crew or from lines shown to him by a registered surveyor and known and agreed to for years, is admissible. Cosson v. Thompson, 302 So.2d 425 (Fla. 1st DCA 1974). No such evidence was offered here.
The judgment is reversed and this ease is remanded for a new trial.
BOYER, C. J., and McCORD, J., concur.